IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-11-CV-0407-K-BD |
| LEAANN FOSTER AND ALL OTHER OCCUPANTS | § § § § | |
| Defendant. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff CitiMortgage, Inc. has filed a motion to remand this forcible detainer action to Texas state court. As grounds for its motion, plaintiff contends, *inter alia*, that defendant has no right to remove this case based on federal diversity jurisdiction. Plaintiff also seeks $2,000 in attorney's fees incurred as a result of the improper removal. Defendant was ordered to file a response to the motion by April 12, 2011, but failed to do so. The court therefore decides the motion without a response.

The federal removal statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). Under the plain language of section 1441(b), an action may not be removed on the basis of diversity if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. Here, defendant is a citizen of Texas -- the same state where

plaintiff filed this action. Even if the statutory requirements of federal diversity jurisdiction are met,[1] defendant cannot remove the case to federal court.

Plaintiff also seeks $2,000 in attorney's fees incurred as a result of the improper removal of this action. A district court has discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* § 1447(c). The propriety of removal is central to this determination. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). An award of fees and expenses need not be "predicated on a finding of bad faith or negligent or frivolous removal." *Miranti*, 3 F.3d at 929, citing *News-Texan, Inc. v. City of Garland*, 814 F.2d 216, 220 (5th Cir. 1987). Instead, the relevant inquiry is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293. The language of section 1441(b) is clear -- a defendant who is a citizen of the state in which plaintiff filed suit cannot remove the case to federal court on the basis of diversity jurisdiction. Absent any explanation by defendant as to why she had "objectively reasonable grounds to believe the removal was legally proper," plaintiff is entitled to recover attorney's fees under section 1447(c).

## RECOMMENDATION

Plaintiff's motion to remand [Doc. #5] should be granted. This case should be remanded to the County Court at Law No. 2 of Dallas County, Texas. Plaintiff should be awarded $2,000 in attorney's fees incurred as a result of the improper removal of this action.

---

[1] The court questions whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In a forcible detainer action removed from state court to federal court on the basis of diversity, "the amount in controversy is not the value of the property itself but the value of the right to occupy the [p]roperty." *U.S. Bank National Ass'n v. Rudd*, No. 3-10-CV-2440-L, 2011 WL 539120 at *4 (N.D. Tex. Feb. 7, 2011). That the subject property has a fair market value of $93,710, as alleged by defendant in her notice of removal, is not relevant to determining the amount in controversy for jurisdictional purposes.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 18, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE